THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNN DALE HOVER and MILA JEAN HOVER , <br><br> Plaintiffs, <br><br> v. <br><br> SEATTLE-FIRST NATIONAL BANK aka BANK OF AMERICA (by Mergers), *et al.*, <br><br> Defendants. | CASE NO. C18-0022-JCC <br><br> ORDER |

This matter comes before the Court on Defendants Nationstar Mortgage, LLC's ("Nationstar"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal National Mortgage Association's ("Fannie Mae") motion to dismiss Plaintiffs' complaint (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

In July 2002, Plaintiffs obtained a $196,000.00 loan secured by a deed of trust to finance their home in Issaquah, Washington.[1] (Dkt. No. 1-1 at 5–6.) Plaintiffs defaulted on their loan in

---

[1] The deed of trust identifies Defendant GMAC as the lender, Trans Nation Title Company as the trustee, and MERS—acting as nominee of the lender and lender's successors and assigns—as the beneficiary. MERS subsequently assigned its interest in the Deed of Trust to

ORDER
C18-0022-JCC
PAGE - 1

October 2014. (Dkt. No. 15 at 5.) After a Notice of Trustee's Sale was posted in June 2016, Plaintiffs filed suit to enjoin the sale, naming several of the same Defendants in the instant action. (*Id* at 5–7.) That lawsuit was dismissed, as was as a subsequent suit Plaintiffs filed in 2017. *Hover v. GMAC Mortgage Corporation, et al.*, Case No. C16-1243-JLR, slip op. at *5 (W.D. Wash. Mar. 21, 2017); *Hover v. GMAC Mortgage Corporation, et al.*, Case No. C17-0902-RSM, slip op. at *3 (W.D. Wash. Oct. 3, 2017). Both prior actions asserted claims arising out of the origination and assignment of Plaintiffs' loan.[2]

In this third suit arising from the same facts, Plaintiffs allege Washington Unfair and Deceptive Acts and Practices ("UDAP") violations. (Dkt. No. 1-1 at 1) (citing Wash. Rev. Code § 19.86.020, *et seq*.) Plaintiffs assert Defendants "failed to give full disclosure of the material terms and conditions" of their loan at the time the note and Deed of Trust were issued, and thus both are "null and void." (*Id*. at 4, 11, 13.) They seek injunctive relief, damages, and litigation costs. (*Id*. at 1.) Defendants Nationstar, MERS, and Federal National Mortgage Association move to dismiss the action as barred by *res judicata* and UDAP's statute of limitations, and for failure to state a claim for UDAP violations. (Dkt. No. 15 at 1, 12–13.)

## II. DISCUSSION

### A. Legal Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most

---

Nationstar. In 2015, Nationstar appointed Northwest Trustee Services as the successor trustee. (Dkt. Nos. 15 at 5, 1-1 at 39–40.)

[2] Case No. C16-1243-JLR involved claims of private nuisance, unjust enrichment, and fraud. Case No. C17-0902-RSM involved Washington Consumer Protection Act, RICO, Securities Exchange Act, conversion, civil conspiracy, unjust enrichment, breach of fiduciary duty, breach of contract, and libel claims.

favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

On a motion to dismiss, the Court may take judicial notice of another court's opinion "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). The Court takes judicial notice of prior opinions dismissing Plaintiffs' claims against Defendants. *Hover*, Case No. C16-1243-JLR; *Hover,* Case No. C17-0902-RSM.

**B.     Analysis**

The Court agrees with Defendants that Plaintiffs' claims should be dismissed under the doctrine of *res judicata*. In Washington, "[f]iling two separate lawsuits based on the same event—claim splitting—is precluded[.]" *Ensley v. Pitcher*, 222 P.3d 99, 102 (Wash. App. 2009). The doctrine of *res judicata* bars a subsequent action where a prior judgment on the merits involved the same (1) persons and parties, (2) causes of action, (3) subject matter, and (4) quality of parties. *Karlberg v. Otten*, 280 P.3d 1123, 1130 (Wash. Ct. App. 2012). This doctrine "applies to every point which properly belonged to the subject of [prior] litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 868 (9th Cir. 1995).

All requirements for *res judicata* are met here. Plaintiffs' prior suits against Defendants involved the same parties (Plaintiffs Lynn and Mila Hover and Defendants Nationstar, MERS, and FNMA), the same subject matter (origination and assignment of the same loan), and resulted in final judgments on the merits. *Compare* Dkt. No. 1-1, *with Hover*, Case No. C16-1243-JLR at * 5, *and Hover*, Case No. C17-0902-RSM at *3.

Although Plaintiffs did not bring a UDAP claim in their prior suits, identity between causes of action exists. *See Landry v. Luscher*, P.2d 1274, 1277 n. 1 (Wash. Ct. App. 1999), *review denied*, 989 P.2d 1140 (1999) (*res judicata* can bar a claim even if a plaintiff seeks relief "not demanded in the first [action]"). Plaintiffs' UDAP claim is identical to prior causes of action because it involves "substantially the same evidence," infringement of the same right, and "the same transactional nucleus of facts." *Energy Northwest v. Hartje*, 199 P.3d 1043, 1048 (Wash. Ct. App. 2009). Plaintiffs raise no arguments here that could not have been brought forward in their initial suit with reasonable diligence. *See Codispoti*, 63 F.3d at 868.

Plaintiffs' opposition to Defendants' motion is largely unresponsive.[3] They argue Rule 12(b)(6) dismissal violates their due process rights; thus, their prior claims were not "properly adjudicated" and *res judicata* cannot bar the present suit. (Dkt. No. 22 at 3–4.) This argument has already been rejected in Plaintiffs' prior suits. *Hover*, Case No. C16-1243-JLR at *5.

Finding Plaintiffs' claims barred by *res judicata*, the Court need not reach Defendants' remaining arguments for dismissal.

### C. Leave to Amend

Where it is clear that a complaint "could not be saved by any amendment," the Court may dismiss without leave to amend. *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). Plaintiffs do not meaningfully contest Defendants' multiple arguments for dismissal. (*See generally* Dkt. No. 22.) Even applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court cannot find that the complaint could be saved by amendment. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Nieuwejarr v. Nationstar Mortg., LCC*, Case No. C15-1663-JLR, slip op. at *8 (W.D. Wash. Apr. 12, 2016), aff'd 700 F. App'x 723 (9th Cir. 2017) (failure to address arguments on a motion to dismiss may

---

[3] Plaintiffs do not address Defendants' statute of limitations or failure to state a claim arguments. Plaintiffs' brief also failed to comply with this District's Local Civil Rules—it was not timely filed and was overlong. LCR 7(d)(3), (e)(3).

be construed as an admission of the merits of those arguments). Therefore, claims against Defendants are DISMISSED with prejudice and without leave to amend.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint (Dkt. No. 15) is GRANTED. Plaintiffs' claims against Defendants Nationstar, MERS, and Fannie Mae are DISMISSED with prejudice and without leave to amend.

DATED this 6th day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE