THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNN DALE HOVER and MILA JEAN HOVER,<br><br>                Plaintiffs,<br><br>     v.<br><br>SEATTLE-FIRST NATIONAL BANK a/k/a BANK OF AMERICA (by mergers), *et al.*,<br><br>                Defendants. | CASE NO. C18-0022-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Quality Loan Service Corp. of Washington's ("Quality Loan Service Corp.") motion to dismiss (Dkt. No. 35). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

The Court has summarized the facts of this case in a prior order (Dkt. No. 26) and will provide only a brief summary of relevant facts here. This suit arises out of Plaintiffs' October 2014 default on a home loan they obtained in July 2012. (Dkt. No. 35 at 2.) On April 25, 2017, Northwest Trustee Services ("Northwest") noticed a Trustee's sale for the subject real property. (*Id.* at 3.) Plaintiffs sued to enjoin the sale and for declaratory relief and damages, alleging

violations of the Washington Unfair and Deceptive Acts and Practices ("UDAP"). (Dkt. No. 1-1 at 1) (citing Wash. Rev. Code § 19.86.020, *et seq*.) The complaint refers to Quality Loan Services as a party "claiming rights or privileges as [a trustee] and/or . . . debt collector." (*Id*. at 5.) Plaintiffs assert that Seattle-First National Bank, the originator of their loan, "failed to give full disclosure of the material terms and conditions" of the loan at the time the note and Deed of Trust were issued. (*Id*. at 4.) Plaintiffs thus assert both are "null and void," and impute liability to parties later involved in the Trustee's sale. (*Id*. at 7, 11, 13.) The sale was postponed due to ongoing litigation, and on December 23, 2017, the notice expired by operation of law. (*Id*.)

## II. DISCUSSION

### A. Judicial Notice

On a motion to dismiss, the Court may take judicial notice of public documents the authenticity of which cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). At Defendant's request, the Court takes judicial notice of the following documents:

1. Deed of Trust, recorded August 8, 2002 under King County's Auditor's Instrument No. 20020808000711 (Dkt. No. 16-1);
2. Corporate Assignment of Deed of Trust, recorded August 1, 2013 under King County's Auditor's Instrument No. 2013080100014 (Dkt. No. 16-2);
3. Appointment of Successor Trustee appointing Northwest Trustee Services Inc., recorded May 28, 2015 under King County's Auditor's Instrument No. 20150528001001 (Dkt. No. 16-3);
4. Notice of Trustee's Sale, recorded April 25, 2017 under King County's Auditor's Instrument No. 20170425000447 (Dkt. No. 35-1.)

### B. Motion to Dismiss

The Court may dismiss an action where the plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its

face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

Defendant moves to dismiss Plaintiffs' claim for USAP violations. (Dkt. No. 35 at 2.) Defendant argues it was not a party to original loan transactions, and that Plaintiffs' claims are barred by the statute of limitations. (*Id*.) Additionally, Defendant argues that Plaintiffs' request for injunctive relief is moot, as there is no longer a pending Trustee's Sale. (*Id*.) Plaintiffs did not file a responsive pleading. In accordance with Local Rule 7(b)(2), the Court construes Plaintiff's lack of response as an admission the Defendant's motion has merit.

Indeed, Plaintiffs' complaint is devoid of plausible substantive allegations against Quality Loan Services. Plaintiffs base their claims on the assertion that Seattle-First National Bank failed to disclose material information when the loan was issued. (Dkt. No. 1-1 at 4.) Quality Loan Services was not involved in that transaction. (*Id*.) Nor did Quality Loan Services advance the challenged Trustee's Sale. (Dkt. No. 35 at 6.) Plaintiffs provide no factual or legal basis for the Court to infer wrongdoing by thus Defendant. A "plaintiff is obligated to provide grounds for her entitlement to relief that amount to more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Plaintiffs' have not done so and thus fail to state a claim against Quality Loan Services.[1]

The Court accordingly DISMISSES Plaintiffs' claims against this Defendant with

---

[1] Additionally, Plaintiffs' claims are likely bared by UDAP's four-year statute of limitations. *See* Wash. Rev. Code 19.86.120. The challenged loan was originated on July 17, 2002. (Dkt. No. 35 at 4.) Plaintiffs present no argument that would allow the Court to conclude they discovered alleged misrepresentations within the four years preceding the filing of this action. The Court interprets this lack of response as an admission that the claims are time-barred. *See* Local Civ. R. 7(b)(2).

1  prejudice and without leave to amend, finding the claims could not be saved by amendment. *See*

2  *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir.

3  2010).

**III.　CONCLUSION**

For the foregoing reasons, Defendant Quality Loan Services Corp.'s motion to dismiss (Dkt. No. 35) is GRANTED.

DATED this 31st day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE