THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNN DALE HOVER and MILA JEAN HOVER,<br><br>        Plaintiffs,<br>     v.<br><br>SEATTLE-FIRST NATIONAL BANK, *et al.*,<br><br>        Defendants. | CASE NO. C18-0022-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Bank of America, N.A.'s ("Bank of America") motion to dismiss (Dkt. No. 39). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.     **BACKGROUND**

On July 17, 2002, Plaintiffs Lynn and Mila Hover obtained a $196,000 loan from GMAC Mortgage Corporation DBA ditech.com ("GMAC"), secured by a deed of trust on land owned by the Hovers in Issaquah, Washington. (Dkt. No. 1-1 at 39–54.) The deed of trust appointed Trans National Title Company ("Trans National") as trustee, and nominated Mortgage Electronic

Registration Systems (MERS) as beneficiary.[1] (*Id.* at 40.) GMAC subsequently assigned the loan to Nationstar Mortgage LLC ("Nationstar"), and Northwest Trustee Services, Inc. (NWTS) was appointed successor trustee. (Dkt. Nos. 40-2 at 2, 40-3 at 2.) The Hovers later defaulted on the loan and on June 20, 2016, a notice of trustee's sale was recorded in King County, Washington.[2] (Dkt. No. 1-1 at 59–68.)

On November 30, 2017, the Hovers filed this lawsuit against several Defendants including Bank of America, alleging that the failure to disclose that their mortgage could be assigned, as it was to Nationstar, voided the Hovers' obligation and made the trustee's sale unlawful.[3] (*Id.* at 2–3.) Specifically, the Hovers allege that:

> On or about July 17, 2002 [they] engaged in a transaction with the original alleged-lender "Seattle-First National Bank aka Bank of America (by Mergers)." Said transaction allegedly extended consumer credit subject a finance charge initially payable to the alleged original lender the Defendant(s), "Seattle-First National Bank aka Bank of America (by Mergers)," who failed to give full disclosure of all the material terms and conditions of the [mortgage] . . . thereby making the deed of trust and note contracts for the said alleged "loan" null and void.

(*Id.* at 4–5.) [4]

---

[1] MERS is a private database that tracks the ownership of mortgage loans. *See In re Mort. Elec. Registration Sys., Inc.*, 754 F.3d 772, 776–78 (9th Cir. 2014) (explaining function and purpose of MERS). MERS is typically named as the nominal beneficiary of a mortgage to simplify the later assignment and securitization of mortgage loans, but MERS does not ordinarily own the loan. *Id*.

[2] The notice identified the Hovers as the borrowers, Nationstar as the lender, and NWTS as the trustee. (Dkt. No. 1-1 at 61.)

[3] This lawsuit is the latest in a trilogy filed by the Hovers alleging that the mortgage loan was void for a failure to disclose the possibility that the loan could be assigned. (*See* Dkt. No. 39 at 4–5) (citing *Hover v. GMAC Mortgage Corp.*, Case No. C16-1243-JLR, Dkt. No. 1 (W.D. Wash. 2016); *Hover v. GMAC Mortgage Corp.*, Case No. C17-0902-RSM, Dkt. No. 1 (W.D. Wash. 2017)). The Hovers' previous two lawsuits involved many of the same Defendants as this case, although Bank of America was not a named defendant until this case. (*Id*.) Both prior cases were dismissed with prejudice. (*Id*.)

[4] The Court construes the Hovers' allegations against "Seattle-First National Bank aka Bank of America (by Mergers)" as allegations against Bank of America.

ORDER
C18-0022-JCC
PAGE - 2

The Hovers' claims against every Defendant except Bank of America have been dismissed with prejudice, and Bank of America now moves to dismiss the claims against it. (Dkt. Nos. 26, 39.) It asserts three separate bases for dismissal: first, that the Hovers' claims against it are barred by the doctrine of *res judicata*; second, that the Hovers' claims are time-barred; and third, that the Hovers claims are deficient, in part because they fail to allege facts implicating Bank of America in the allegedly unlawful conduct. (*See* Dkt. No. 39.) The Hovers filed a response, but did not substantively respond to Bank of America's arguments.[5] (*See* Dkt. No. 44.)

## II. DISCUSSION

### A. Legal Standard

A defendant may move to dismiss claims against it where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint will survive a motion to dismiss if it contains factual allegations that, taken as true, state a plausible claim that the plaintiff is entitled to relief against the defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The Court's review on a motion to dismiss is limited to the pleadings, but it may consider documents attached to the complaint or referenced in it. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Ordinarily, the Court is bound to accept as true all of the facts in the complaint. *Vasquez v. Los Angeles ("LA") County*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, the Court is not required to credit factual allegations that are plainly contradicted by documents attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). Here, the Court will consider the Hovers' complaint as well as the deed of trust, promissory note, and notice of trustee's sale, because all three were attached to the complaint. (*See* Dkt. No. 1-1 at 39–68.)

---

[5] The Court acknowledges, but need not decide for purposes of this motion to dismiss, the Hovers' arguments regarding the Due Process Clause, the Equal Protection Clause, the Full Faith and Credit clause, the constitutional prohibition on slavery and involuntary servitude, the preemption of various state and federal statutes, and the constitutional right to a jury trial. (*See* Dkt. No. 44.)

### B. Bank of America's Motion to Dismiss

Because the Hovers have failed to establish that Bank of America played any role in the mortgage transactions at issue in this case, the Court finds that the Hovers have failed to state a plausible claim upon which relief may be granted against Bank of America. *See Iqbal*, 556 U.S. at 677. As an initial matter, the Court construes the Hovers' complaint to allege that Bank of America originated the disputed mortgage loan. (*See* Dkt. No. 1-1 at 4) ("On or about *July 17, 2002, . . . Plaintiff(s) engaged in a transaction with . . .* [Bank of America] . . . [which] extended consumer credit [to Plaintiffs].") (emphasis added). That factual allegation, however, is directly contradicted by the first and second attachments to the Hovers' complaint—the deed of trust and promissory note on the mortgage—which both clearly indicate that GMAC originated the loan. (*See* Dkt. No. 1-1 at 39, 56.)

More importantly, nothing in any of the documents before the Court indicates that Bank of America was involved—in *any* way—in the Hovers' mortgage. (*See generally* Dkt. No. 1-1 at 39–68.) Nor is the problem a simple lack of documentary evidence to that effect. Rather, the mortgage documents clearly establish the identity of all the participants in the Hovers' mortgage, none of which is Bank of America. (*Id.*) Thus, the record not only affirmatively contradicts the Hovers' allegation that Bank of America originated the disputed loan, but it also contains no evidence that Bank of America was involved in the allegedly unlawful course of conduct. Therefore, the Court finds that the Hovers have failed to plead sufficient facts establishing a right to relief against Bank of America. Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. at 577. For that reason, the Court GRANTS Bank of America's motion to dismiss, and need not reach its other arguments in support of dismissal.

### III. CONCLUSION

For the foregoing reasons, Defendant Bank of America's motion to dismiss (Dkt. No. 39) is GRANTED. Plaintiffs Lynn and Mila Hover's complaint is dismissed without prejudice and with leave to amend within 30 days of this order being filed. Any amended complaint must only

address the deficiencies outlined in this order. Specifically, the Hovers may only allege facts demonstrating that Bank of America played a role in the mortgage transaction at issue, and attach any supporting evidence in their possession. No additional claims or legal arguments in the amended complaint will be considered. If the Hovers do not file an amended complaint within 30 days, the Court may dismiss the suit with prejudice.

DATED this 26th day of November 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE