THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNN DALE HOVER and MILA JEAN HOVER, <br><br> Plaintiffs, <br> v. <br><br> SEATTLE-FIRST NATIONAL BANK a/k/a BANK OF AMERICA (by mergers), *et al.*, <br><br> Defendants. | CASE NO. C18-0022-JCC <br><br> ORDER |

This matter comes before the Court on Defendants Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., Nationstar Mortgage, LLC, and Seattle-First National Bank a/k/a Bank of America's (collectively, the "moving Defendants") motion to strike (Dkt. No. 56)[1] Plaintiffs' amended complaint (Dkt. No. 49). Plaintiffs have filed a motion for extension of time to respond to the motion to strike. (Dkt. No. 62.) Having thoroughly considered the motions and the relevant record, the Court DENIES Plaintiffs' motion for extension of time and GRANTS in part and DENIES in part Defendants' motion to strike for the reasons explained herein.

//

---

[1] The initial motion to strike was filed by the former three Defendants, (Dkt. No. 56), and Defendant Bank of America subsequently joined the motion. (Dkt. No. 59.)

ORDER
C18-0022-JCC
PAGE - 1

## I. BACKGROUND

The Court has stated the underlying facts of this case in its prior orders and will not repeat them here. (*See* Dkt. Nos. 26, 38, 46.) In August 2018, Defendant Bank of America, the last remaining Defendant in this case, filed a motion to dismiss Plaintiffs' claims against it. (Dkt. No. 39.) The Court granted Defendant Bank of America's motion and dismissed Plaintiffs' claims without prejudice and with leave to amend. (Dkt. No. 46.) Plaintiffs filed an amended complaint that re-alleged their claims against all named Defendants, including those against whom Plaintiffs' claims had previously been dismissed with prejudice. (*See* Dkt. No. 49; *see also* Dkt. Nos. 26, 38.) The moving Defendants move to strike the amended complaint's claims as to them. (Dkt. No. 56.)[2]

## II. DISCUSSION

### A. Motion to Strike

The Court previously dismissed Plaintiffs' claims against Defendants Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Nationstar Mortgage, LLC with prejudice and without leave to amend. (Dkt. No. 26 at 5.) Plaintiffs have not established a ground enabling them to re-allege their dismissed claims against these Defendants. (*See* Dkt. No. 49.) Therefore, the motion to strike is GRANTED as to Defendants Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Nationstar Mortgage, LLC.

### B. Defendant Bank of America's Joinder to Motion to Strike

Defendant Bank of America joined the motion to strike the amended complaint, asserting that "[t]he arguments advanced by Defendants [Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Nationstar Mortgage, LLC] are equally applicable to" Defendant Bank of America. (Dkt. No. 59.) This is inaccurate. The Court

---

[2] In March 2019, the Court granted Defendant Quality Loan Service Corporation of Washington's motion to dismiss Plaintiffs' reasserted claims against it. (Dkt. No. 60.)

previously dismissed Plaintiffs' claims against the other moving Defendants with prejudice. *See* Section II.A. In contrast, the Court dismissed Plaintiffs' claims against Defendant Bank of America without prejudice and with leave to amend, ordering that "the Hovers may only allege facts demonstrating that Bank of America played a role in the mortgage transaction at issue, and attach any supporting evidence in their possession." (Dkt. No. 46 at 5.) Defendant Bank of America has not moved to dismiss Plaintiffs' amended complaint for failure to cure the deficiencies identified by the Court; instead, it has chosen to cabin its arguments at this time to those raised by the other moving Defendants. As those arguments do not apply to Defendant Bank of America, the motion to strike is DENIED as to Defendant Bank of America.

### C. Plaintiffs' Motion for Extension of Time

In response to the motion to strike the amended complaint, Plaintiffs move for an extension of time to respond. (Dkt. No. 62.) Plaintiffs argue that they are unrepresented and require additional time to review the motion, research the issues, and develop a sufficient response. (*Id*. at 3.) But Plaintiffs have not shown how an extension would enable them to oppose the motion to strike. Plaintiffs' claims against Defendants Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Nationstar Mortgage, LLC were previously dismissed with prejudice. (*See* Dkt. No. 26.) And the arguments raised in the motion to strike do not merit striking the amended complaint as to Defendant Bank of America, regardless of the arguments raised by Plaintiffs. (*See* Dkt. Nos. 46, 56, 59.) Therefore, Plaintiffs' motion for an extension of time to respond is DENIED.

## III. CONCLUSION

For the foregoing reasons, Defendants Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Nationstar Mortgage, LLC's motion to strike (Dkt. No. 56) is GRANTED. Plaintiffs' claims against these Defendants remain DISMISSED with prejudice. Defendant Seattle-First National Bank a/k/a Bank of America's motion to strike (Dkt. Nos. 56, 59) is DENIED. Plaintiffs' motion for extension of time to respond (Dkt. No. 62) is

1. DENIED.

2. DATED this 5th day of April 2019.

*John C. Coughenour* (signature)

John C. Coughenour
UNITED STATES DISTRICT JUDGE