THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYNN DALE HOVER and MILA JEAN HOVER,<br><br>Plaintiffs,<br>v.<br><br>SEATTLE-FIRST NATIONAL BANK, a/k/a BANK OF AMERICA (by mergers), *et al.*,<br><br>Defendants. | CASE NO. C18-0022-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Seattle-First National Bank a/k/a Bank of America's ("Bank of America") motion to dismiss (Dkt. No. 65). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.     **BACKGROUND**

The Court set forth the underlying facts of this case in a prior order and will not repeat them here. (*See* Dkt. No. 46.) On November 26, 2018, the Court dismissed Plaintiffs' claims against Defendant Bank of America without prejudice and with leave to amend. (*See id*.) The Court's order specified that Plaintiffs "may only allege facts demonstrating that Bank of America played a role in the mortgage transaction at issue, and attach any supporting evidence in their possession." (*Id*. at 4.) Plaintiffs filed an amended complaint, (Dkt. No. 49), and Defendant

moves to dismiss Plaintiffs' amended complaint. (Dkt. No. 65.)

## II. DISCUSSION

A defendant may move to dismiss claims against it where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint will survive a motion to dismiss if it contains factual allegations that, taken as true, state a plausible claim that the plaintiff is entitled to relief against the defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The Court's review on a motion to dismiss is limited to the pleadings, but it may consider documents attached to the complaint or referenced in it. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Ordinarily, the Court is bound to accept as true all of the facts in the complaint. *Vasquez v. Los Angeles ("LA") County*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, the Court is not required to credit factual allegations that are plainly contradicted by documents attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

In their amended complaint, Plaintiffs assert that:

> The current scheme was advanced by [Defendant Bank of America] by a related transaction wherein [Defendant Bank of America] for some reason that needs to be discovered injected itself into current claims of rights to the subject property and participated in an apparent transfer of rights and duties in 2015 related to the subject property pursuant to the "Substitution of Trustee" document dated August 14 2015. A copy of the "Substitution of Trustee" is attached to this Complaint as "Exhibit H" and incorporated by reference herein.

(Dkt. No. 49 at 4.) Defendant Bank of America does not appear elsewhere in the amended complaint, including in Plaintiffs' recitation of the parties to the lawsuit and the causes of action alleged by Plaintiffs that name individual Defendants. (*See id*. at 9–33.) Exhibit H, which purportedly supports Plaintiffs' allegation that Defendant Bank of America "advanced" the "current scheme," contains two Appointment of Successor Trustee documents dated May 20, 2015 and October 10, 2018. (Dkt. No. 49-1 at 76-79.) Neither document mentions Defendant Bank of America. (*See id*.)

Plaintiffs' vague and conclusory allegation that Defendant Bank of America precipitated the events from which their claims against the other Defendants arise is unsupported (if not contradicted) by the evidence Plaintiffs rely upon. (*Compare* Dkt. No. 49 at 4, *with* Dkt. No. 49-1 at 76-79.) Therefore, Plaintiffs have failed to cure the deficiencies previously identified by the Court and have not alleged a plausible claim for relief against Defendant Bank of America. (Dkt. No. 46 at 5); Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. at 677–78.

### III. CONCLUSION

For the foregoing reasons, Defendant Bank of America's motion to dismiss (Dkt. No. 65) is GRANTED. Plaintiffs' claims against Defendant Bank of America are DISMISSED with prejudice and without leave to amend.

DATED this 14th day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE